IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYN RICHARD OBERG, et al.,                              CV. 06-1323-ST

          Plaintiffs,                        ORDER TO DISMISS

    v.

ASOTIN COUNTY, et al.,

          Defendants.

HAGGERTY, District Judge.

Plaintiff, Lyn Richard Oberg, attempts to bring this civil rights action on behalf of his mother as well as himself. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself."  <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).  Accordingly, this case proceeds only with a single plaintiff, Lyn Richard Oberg.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 as well as the Racketeer Influenced

1 - ORDER TO DISMISS

and Corrupt Organization Act ("RICO").  Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*.  However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that on July 11, 2000, he was arrested and subsequently falsely imprisoned following his convictions for crimes which were barred by the statute of limitations.  He also alleges that he was the victim of an unlawful wiretap, evidence and witness tampering, unlawful search and seizure, ineffective assistance of counsel, and other wrongdoings.  Plaintiff asks the court to award him $26,884,124 in damages.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B)  the action . . .
>
>> (i)  is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

2 - ORDER TO DISMISS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).  In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.

3 - ORDER TO DISMISS

Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

When a state prisoner seeks declaratory, injunctive, or monetary relief in a civil case, a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of plaintiff's conviction or sentence. Edwards v. Balisok, 520 U.S. 641 (1997).  An action which would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless the plaintiff can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994);  Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).

In this case, plaintiff asks the court to award him damages based on his allegedly false imprisonment.  The court notes that plaintiff has a pending habeas corpus action before it, Oberg v. Hill, CV 05-704-ST, challenging four state-court convictions for Rape in the Third Degree.  Because petitioner has not invalidated his underlying convictions, any decision in his favor in this case would improperly imply the invalidity of those convictions.

4 - ORDER TO DISMISS

To the extent plaintiff also alleges that his right to equal protection is violated where he, as a sex offender, is required to register where other felons are not, plaintiff is incarcerated and under no duty to register at this time.  He therefore has no standing to bring such a claim.  See <u>Bernhardt v. County of Los Angeles</u>, 279 F.3d 862, 868-69 (9th Cir. 2002) (to have standing, plaintiff must have suffered, or will imminently suffer, concrete injury).  Plaintiff's Complaint is therefore dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (docket #2) is DISMISSED for failure to state a claim. The dismissal is without prejudice to: (1) plaintiff's right to refile for damages based on his allegedly false incarceration should he succeed in invalidating his underlying convictions on habeas corpus review; and (2) plaintiff's right to refile raising his equal protection claim once he has standing to do so.

IT IS SO ORDERED.

DATED this   30th   day of October, 2006.


                    /s/ Ancer L. Haggerty
                   Ancer L. Haggerty
                   United States District Judge